UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **SHAWNEE BENARD** | **CIVIL ACTION NO. 16-cv-0097-P** |
| **VERSUS** | **JUDGE FOOTE** |
| **ROBERT B. WYCHE, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

### REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

### STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Shawnee Benard ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on January 21, 2016. Plaintiff is incarcerated in the Caddo Correctional Center in Shreveport, Louisiana, and claims his civil rights were violated by prison officials. He names Robert B. Wyche, Officer Newton, Yard L. Robinson, Booking Officer, P.R. Pineset, and Transportation Officer as defendants.

Plaintiff claims he was booked into the Caddo Correctional Center on October 28, 2015. He claims that during the booking process, an inmate attacked him for no reason. He claims the attacking inmate had a higher level of security than he did. Plaintiff claims the inmate was not properly restrained or separated from other inmates.

Plaintiff claims the ERT was notified in order to deescalate the situation. He claims Deputy Newman secured him. He claims that after the attack, Deputy Newman used his

knee to continue to apply pressure to his lower back.  He claims he sustained injury to his lower back.

Plaintiff claims that after the incident, he was escorted to the medical department.  He claims his lower back was x-rayed.  He claims he was prescribed medication for his back but was not given an appointment with a doctor to address his back issues.  He claims his lower back was x-rayed twice and each x-ray showed that his lower tail bone was swollen.

Plaintiff claims that since he filed his complaint regarding excessive force, he has been denied proper medical treatment.  He claims that because of the lack of medical treatment and physical therapy, he has suffered substantial damage to his lower back.

Accordingly, Plaintiff seeks monetary compensation.

## LAW AND ANALYSIS

**Failure to Protect**[1]

Plaintiff claims he was attacked by a fellow inmate as he was being booked into the Caddo Correctional Center. Under the Eighth Amendment, prison officials are required to provide humane conditions of confinement, ensuring that inmates receive adequate food,

---

[1] The court is unable to determine if Plaintiff was a convicted inmate or pretrial detainee at the time of the alleged incident.  The Eighth Amendment's prohibition against "cruel and unusual punishment" protects the rights of convicted prisoners; the rights of pre-trial detainees are protected by the "due process clause" of the Fourteenth Amendment. See Hare v. City of Corinth, 74 F.3d 633, 639 (5th Cir.1996) (citations omitted). However, the analysis will be the same as allegations of "failure to protect" are evaluated under a "deliberate indifference" standard, whether alleged under the Fourteenth Amendment by pre-trial detainees, or under the Eighth Amendment by convicted prisoners. See Hare, 74 F.3d at 640–43.  Anderson v. Concordia Par. Corr. Facility, 2015 WL 4067809 (W.D. La. July 2, 2015).

clothing, shelter and medical care, and must take reasonable measures to guarantee the safety of inmates. See Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970 (1994). "It is not, however, every injury suffered by a prisoner at the hands of another that translates into constitutional liability for prison officials." Farmer, 114 S.Ct. at 1977. Instead, to prevail on a claim based on a failure to protect, the inmate must show that he is incarcerated "under conditions posing a substantial risk of serious harm" and that the defendant prison officials were deliberately indifferent to the inmate's health and safety. Id. at 1977-78. The test for deliberate indifference is a subjective one. Thus, "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of fact from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 1979.

  After a thorough review of Plaintiff's complaint, read in a light most favorable to him, the court finds that the facts alleged do not support a finding of deliberate indifference. Plaintiff does not allege that prison officials were aware of any excessive risk. In fact, Plaintiff has failed to allege that he was attacked by an inmate that made threats against him. Accordingly, the actions on the part of the prison officials do not evidence an attitude of deliberate indifference. Accordingly, Plaintiff's failure to protect claims should be dismissed with prejudice as frivolous.

**Excessive Force**

As explained above, the court is unable to determine if Plaintiff was a convicted inmate or a pretrial detainee at the time of the alleged excessive force. Therefore, the court will analyze the claim under both the Eight Amendment and Due Process Clause.

If Plaintiff was a convicted inmate at the time of the alleged excessive force, the Eighth Amendment will apply. The Eighth Amendment prohibits prison officials from inflicting cruel and unusual punishment upon prisoners. Cruel and unusual punishment in the context of excessive force is "unnecessary and wanton infliction of pain." See Whitley v. Albers, 475 U.S. 312, 319, 106 S. Ct. 1078, 1084 (1986). In prison security measures, the question of what constitutes "unnecessary and wanton" infliction of pain turns on whether the force was applied in "a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." Hudson v. McMillian, 503 U.S. 1, 6, 112 S. Ct. 995, 998 (1992) (quoting Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir. 1973)). Plaintiff claims Deputy Newman secured him. He claims that after the attack, Deputy Newman used his knee to continue to apply pressure to his lower back. He claims he sustained injury to his lower back.

Plaintiff admits that the scenario in which the incident in question occurred was unsettled. He was being attacked by another inmate. It is unfortunate that the situation escalated to the point that force was used. However, Plaintiff cannot prevail on this claim. Prison officials "are entitled to wide-ranging deference" in situations such as this. See Baldwin v. Stalder, 137 F.3d 836, 840 (5th Cir. 1998). "The amount of force that is

constitutionally permissible ... must be judged by the context in which that force is deployed." Ikerd v. Blair, 101 F.3d 430, 434 (5th Cir. 1996). A convicted inmate does not have a cognizable claim under the eighth amendment every time he is shoved or pushed. See Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995, 1000, 117 L.Ed.2d 156 (1992). When the use of force is reasonably necessary to subdue a prisoner, it does not constitute cruel and unusual punishment. Clemmons v. Greggs, 509 F.2d 1338, 1340 (5th Cir. 1975).

Plaintiff alleges no facts which demonstrate that prison officials maliciously and sadistically applied force in an effort to cause him harm. Rather, it appears that he was being secured for his own safety and to restore order. Thus, Plaintiff has failed to state a claim under the Eight Amendment.

If Plaintiff was a pretrial detainee at the time of the alleged excessive force, the Due Process Clause will apply rather than the Eight Amendment. "[A] pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." Kingsley v. Hendrickson, 135 S.Ct. 2466, 2473 (2015). Objective reasonableness turns on the facts and circumstances of each particular case, and a court must make the determination from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight. Id.

A non-exclusive list of factors that may bear on the reasonableness or unreasonableness of the force used include "the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem

at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting." Id.

Mere negligence by the officer will not make out a claim. Kingsley, 135 S.Ct. at 2472, citing Daniels v. Williams, 106 S.Ct. 662 (1986) (affirming dismissal of inmate's claim that he slipped on a pillow negligently left on the stairs by a deputy). But the detainee need not prove intent to punish to prevail on a claim that his due process rights were violated. He "can prevail by providing only objective evidence that the challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that purpose." Kingsley, 135 S.Ct. at 2473-74.[2]

Even under the more stringent Due Process Clause analysis, Plaintiff fails to state a claim of excessive force. The Defendant's actions of applying his knee to Plaintiff's lower back were rationally related to the legitimate governmental objective of maintaining order and protecting Plaintiff. Plaintiff has failed to show that the force was excessive in relation to maintaining order and protecting him. Accordingly, Plaintiff's excessive force claims should be dismissed with prejudice as frivolous.

---

[2] The Fifth Circuit has not yet addressed the impact of Kinglsey on its prior decisions regarding pretrial detainees, but it appears Kingsley overruled cases such as Valencia v. Wiggins, 981 F.2d 1440, 1446 (5th Cir. 1999) that applied the Eighth Amendment standards to pretrial detainees and required proof of malicious or sadistic intent to cause harm. Andrew v. St Tammany Parish Prison, 2016 WL 447680, *8 (E.D. La. 2016).

**Medical Claim**

Plaintiff claims that after he filed his complaint of excessive force, he was denied medical treatment. He admits that after the incident, he was taken to the medical department and prescribed medication. He also admits that he received two x-rays.

Congress has commanded that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). Section 1997e requires Plaintiff to properly exhaust available administrative remedies before filing a Section 1983 suit. See Woodford v. Ngo, 126 S.Ct. 2378 (2006). This exhaustion requirement requires proper exhaustion of administrative remedies in accordance with prison procedures, and an untimely or otherwise procedurally defective grievance or appeal will not suffice. Woodford, 126 S.Ct. 2378. The Fifth Circuit has applied the requirement to claims such as the use of excessive force, see Wendell, 162 F.3d at 887, and denial of medical care. See Harris v. Hegmann, 198 F.3d 153 (5th Cir. 1999). Failure to exhaust administrative remedies is an affirmative defense, and "inmates are not required to specifically plead or demonstrate exhaustion in their complaints." Jones v. Bock, 549 U.S. 199, 216 (2007). However, dismissal may be appropriate when, the complaint on its face establishes the inmate's failure to exhaust. See Carbe v. Lappin, 492 F.3d 325, 328 (5th Cir.2007); Hicks v. Lingle, 370 Fed. Appx. 497, 498 (5th Cir.2010).

After reviewing Plaintiff's complaint, the court finds Plaintiff has failed to properly exhaust administrative remedies. Plaintiff claims he was denied medical treatment after he filed his complaint regarding excessive force. Therefore, it would not be possible for him to exhaust his administrative remedies prior to filing his complaint.

Accordingly, Plaintiff's denial of medical treatment claims should be dismissed without prejudice for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a).

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989). For the reasons stated, this court finds that the IFP complaint of Plaintiff lacks an arguable basis either in law or in fact.

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights claims regarding failure to protect and excessive force be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e).  **IT IS FURTHER RECOMMENDED** that Plaintiff's civil rights claims regarding the denial of medical treatment be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objection within fourteen (14) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party.  See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 24th day of April, 2018.

Mark L. Hornsby
U.S. Magistrate Judge